Judge Owsley
delivered the Opinion of the Court.
Warfield, who married the widow of Nathaniel Wilson deceased, together with his wife, brought their suit in chancery, for the purpose of recovering dower in a lot of ground, in the town of Lexington, now in the possession of Castleman, the title to which Castleman derived through a contract with the decedant, Wilson, whilst Mrs. Warfield was his wife.
That Mrs. Warfield was once entitled to dower in the lot is not contested by Castleman; but it is contended by him that under the circumstances of the present case, a court of equity should not lend its aid, and decree to the complainants the relief f>rayed by them in their bill. He alleges that as ong ago as 1794, he contracted with Wilson for the lot, paid the purchase money and received the possession, and that he has held the possession thereof ever since; that Wilson departed this life some time in 1796, leaving a valuable estate in lands, slaves and chattels, and that recently after his death Mrs. Warfield, who was then his widow, received from liis administrators, land, slaves and moiiey equal in value to any interest that she was entitled to, in the deeedant’s estate, under an agreement with the administrators, that it should be in full satisfaction of her right of dower in the lands, and in satisfaction of any other right that she had to the residue of the estate; and that the estate so received by Mrs. War-field, has been ever since enjoyed by her, as her exclusive and absolute property, free from the claim of the administrators of Wilson or any of his legal representatives. This agreement with, and payment by the administrators of the decedant, Wilson, is relied upon by Castleman, as forming, in connection with the lapse of time since the death of Wilson, an insuperable bar to any decree in favor of the complainants.
Decree of the circuit court.
Evidence of the surrender by the widow of her claim to dower.
Query, of iim^wilTbar the bOlof the widow to dower in the bytito^us^ bund in his lifetimc.
An agree-. ment, by parol it seems, of the widow to relinquish her dower for a consideration paid by the administer, and payment accordingly, will bar her bill in equity, though she
On hearing, the court below refused relief and tiecree(j the bill of the complainants to be dismissed, and we think correctly.
The evidence in relation to the alleged agreement between the administrators of the decedant, Wilson, and the now Mrs. Warfield, whilst she was the widow Wilson, is certainly not as conclusive as might be desired. The witnesses gee in not to retain a distinct recollection whether or not, on making the agreement, express mention was made of her right to dower in the lands which had been sold by her deceased husband, but they state their impressions to be, that by the agreement it was designed by the parties to comprehend her right to dower to the land sold as well as that not sold, and the impressions of the witnesses derive great support from the lapse of time which has run since the. agreement was made, without any claim of dower by Mrs. War-field or her present husband, until this suit was brought.
Whether or not, after such a lapse of time, it would be competent for a court of equity to decree ^ower’ ^ there were no evidence going to shew that the claim was satisfied, we shall not in the present case undertake to decide; for be that as it may, less evidence surely must he .satisfactory to prove the agrcement relied upon, after such a lapse of time, than would have been required if the claim of dower had been asserted recently after Mrs. Warfield received the payment.
When the agreement, was made Mrs. Warfield was under no disability, and it is not to be presumed that she and her present husband would have slept upon her right for twenty-six years, if the-payment which is proved to have been made to her, had not been understood by the parties to be a satisfaction of her right to dower in the lot in question. It may, therefore, we think, with great propriety be asserted, that Mrs. Warfield has been actually paid what she was willing to receive as a full satisfaction of her claim of dower in all the estate of her former husband, Wilson, and that of course the claim set up by her and her present • husband *519 should not he sustained by a court of equity. It is not necessary to say that the agreement and payment which was made in pursuance thereof, would be a legal bar to an action at law for the dower, though no bar at law, the complainants should not, after having received what was intended to be a satisfaction for the claim of dower, be allowed in a court of conscience to retain the amount paid and recover the dower. It was, therefore, correct to' dismiss their bill. ■ ;
may have j'°“0<Jy at
Wicldijfe, for appellant; Crittenden, for appellee.
The decree must be affirmed, with cost.